```
          UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF OHIO
                WESTERN DIVISION
```

Jerry Ball,                        :    Case No. 1:09-cv-684
                                   :
    Plaintiff,                     :
                                   :
vs.                                :
                                   :
Commissioner of Social Security,   :
                                   :
    Defendant.                     :

**ORDER**

Before the Court are the Commissioner's objections to the Report and Recommendation of the Magistrate Judge. (Doc. 19) The Commissioner objects to the Magistrate Judge's recommendation that this Court vacate the Commissioner's denial of disability benefits to Plaintiff, and remand this matter for further administrative proceedings. (See Doc. 18, Report and Recommendation)

For the following reasons, the Court adopts the Magistrate Judge's recommendation.

**FACTUAL BACKGROUND**

The Magistrate Judge's Report thoroughly sets forth the procedural history of Plaintiff's application for benefits, and accurately recites the relevant medical evidence in the record. Briefly summarized, Plaintiff Jerry Ball filed a claim for

-1-

disability benefits in November 2003, alleging back, leg and hand pain, and depression with anxiety.  His claims were denied administratively and after an evidentiary hearing, the Administrative Law Judge denied his claim in an April 28, 2006 decision.

Ball appealed to this Court, which reversed and remanded for further consideration.  See Ball v. Commissioner, Case No. 1:07-CV-319, Doc. 17, September 10, 2008 Order.  As discussed in that order, the prior ALJ accepted the opinions of Dr. Berg and of state reviewers that Ball had several moderate limitations in his mental abilities.  The ALJ elicited testimony from a vocational expert that there were jobs available for an individual with Ball's physical limitations and the limitation of "low stress work."  But then Ball's counsel asked the VE specifically about Dr. Berg's limitations as contained in his report.  He asked if a person could work with "moderate impairment in ability to pay attention and concentrate, moderate impairment in ability to sustain level of activity, moderate to severe impairment in ability to relate to others, and moderate to severe impairment in ability to handle job stress."  (Order at p. 5)  The VE testified that such limitations would preclude work.

The ALJ's written decision found that Ball could perform jobs based on the VE's initial response to the hypothetical question, including the "low stress" qualification.  But the

decision failed to explain the ALJ's rejection of the VE's more specific testimony that incorporated Dr. Berg's specific findings.  The Court remanded for further proceedings, instructing the ALJ to explain the reasons for rejecting the VE's testimony.

After remand, a different ALJ conducted a supplemental hearing on March 11, 2009, at which Ball and a different vocational expert testified.  The ALJ asked the VE to assume that Ball could perform light work in a low stress job, "... and low stress being defined as limited to only simple work-related decisions and few if any changes in the work setting, as well as no production rate or pace work, as well as limited to occasional interaction with the public or co-workers."  (TR 549)  The VE identified 3,540 light, unskilled cleaning jobs regionally, and 572,460 nationally.  She also identified some clerical type jobs (such as mail sorter) with 5,560 regionally and 768,025 nationally.  The same numbers applied to available jobs with a further limitation of no interaction with the public and only occasional interaction with co-workers.

Ball's attorney then asked the VE if those numbers applied to the region where Ball lives (Adams County, Ohio); the VE clarified that for the Portsmouth region, the available light clerical jobs were 925, and the cleaning jobs available were 1,255.  (TR 561)  Ball's attorney then asked the VE if jobs were

-3-

available for a person whose sustained ability to complete work tasks were impaired, such that he would have occasional problems completing simple tasks.  The VE responded that if "occasional" meant one-third of a work day, the person could not work.  She also testified that if the person was "off task" for even twenty percent of work time, that would preclude employment.  The VE stated that any individual would have to "stay on task" in order to hold any job.  (TR 566)

   The ALJ's written decision denying benefits concluded in pertinent part that Ball is physically capable of light work, with the following limitations: "The claimant is limited to work involving simple, routine, repetitive tasks in a low stress environment, which is defined as free of fast-paced production requirements, involving only simple, work-related decisions, with few, if any, workplace changes, no contact with the public and only occasional contact with co-workers."  (TR 386)  The ALJ cited the VE's initial testimony that Ball could perform jobs such as cleaner and clerical worker which were available in the Cincinnati region.  He also concluded that the "low stress" limitation included in his RFC assessment took into account all of Ball's moderate limitations as found by Dr. Berg, and therefore rejected the first VE's testimony upon which Ball relied in the previous appeal.  (TR 390)  The Appeals Council denied Ball's request for review, and he thereafter filed a

-4-

complaint for review in this Court.

The Magistrate Judge found that the ALJ's RFC assessment, limiting Ball to "low stress" work, may not sufficiently incorporate the moderate limitations found by Dr. Berg and the state reviewers. He noted that after the ALJ's decision, the Sixth Circuit decided <u>Ealy v. Commissioner of Soc. Sec.</u>, 594 F.3d 504 (6th Cir. 2010), which found a similar hypothetical question was inadequate to fully account for the plaintiff's mental RFC limitations. The Magistrate Judge therefore recommended that this matter be remanded for further proceedings, as the evidence establishing that Ball is in fact disabled is not clear.

## DISCUSSION

Under 42 U.S.C. §405(g), this Court reviews the Commissioner's decision by determining whether the record as a whole contains substantial evidence to support that decision. "Substantial evidence means more than a mere scintilla of evidence, such as evidence a reasonable mind might accept as adequate to support a conclusion." <u>LeMaster v. Secretary of Health and Human Serv.</u>, 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of some fact to be established. Rather, the evidence must be enough to withstand a motion for a directed verdict when the conclusion sought to be drawn from that evidence is one of fact for the jury. <u>Id</u>.

If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health and Human Serv., 658 F.2d 437, 438 (6th Cir. 1981). The substantial-evidence standard "... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984)). The district court reviews de novo a magistrate judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

The Commissioner objects to the Magistrate Judge's remand recommendation. He argues that the ALJ's RFC assessment, and his hypothetical questions to the vocational expert, properly conveyed Ball's moderate mental deficiencies in concentration, persistence, and pace. The "low stress" restriction, requiring work that was "simple, routine and repetitive," an environment with few, if any changes, and no "fast-faced production requirements," were sufficient to incorporate the mental RFC limitations found by Dr. Berg and the reviewers. The

Commissioner argues that the ALJ's question did not run afoul of the result reached in Ealy, upon which the Magistrate Judge relied.

In Ealy, the plaintiff appealed the Commissioner's denial of benefits, arguing that the ALJ's hypothetical to a vocational expert failed to accurately convey his mental impairments that the ALJ found to be established by the record.  A psychologist who examined plaintiff, and whose opinion the ALJ found credible, concluded that plaintiff retained the mental ability to: "(1) understand and remember simple instructions; (2) sustain attention to complete simple repetitive tasks for two-hour segments over an eight-hour day where speed was not critical; (3) tolerate coworkers and supervisors in a non-public setting; and (4) adapt to routine changes in a simple work setting." Ealy, 594 F.3d at 516.  The ALJ had asked a testifying VE to "... assume this person [is] limited to simple, repetitive tasks and instructions in non-public work settings." Id.  The Sixth Circuit found that the hypothetical omitted the critical speed- and pace-based restrictions, and therefore failed to properly and fully describe plaintiff's RFC limitations.  The court cited with approval Edwards v. Barnhart, 383 F.Supp.2d 920 (E.D. Mich. 2005), where an ALJ found that plaintiff had moderate limitations in her ability to concentrate, persist and keep pace.  The ALJ's hypothetical question to the vocational expert in that case

-7-

included a limitation on dealing with coworkers and supervisors, and precluded all but "simple, routine, unskilled work." The district court found that the hypothetical failed to fully convey the extent of plaintiff's moderate limitations in persistence and keeping pace.

Here, the ALJ's clarification of "low stress" jobs as those that are "simple, routine and repetitive," and do not involve fast-paced production requirements, incorporated some but not all of the moderate limitations the ALJ found to exist. Excluding fast-paced production addresses one aspect of the limitation on "pace" but does not address the very question that Ball's attorney raised during the hearing, the ability to stay "on task" for a sufficient length of time during the workday. That ability involves aspects of concentration as well as the "pace" of workplace tasks. The VE who testified at the first hearing stated that no jobs were available based on Dr. Berg's specific findings. The VE's testimony at issue here stated that if limitations in concentration and persistence caused occasional breaks or being off task 20% of the time, no jobs would be available. These answers suggest that Ball's moderate limitations in all three areas - concentration, persistence and pace - may render Ball unemployable, or would so restrict the number of available jobs that a decision of disabled would result.

The ALJ also concluded that the definition of "low stress" jobs he included in his hypothetical to the VE took into account Ball's moderate limitations in "social functioning and stress tolerance." While the ALJ's limitations on interactions with co-employees and the public address these issues, they do not clearly encompass the factors of concentration and persistence within the workplace setting. And this reference, especially in view of the VE's testimony that limitations in ability to stay on task would preclude employment, is not sufficient to adequately explain the ALJ's rejection of the prior VE's testimony, as this Court's prior remand order required.

The Magistrate Judge also concluded that the ALJ's decision concerning Ball's physical impairments was substantially supported by the evidence. (Doc. 18 at pp. 11-16) There are no objections to this portion of the Report, and this Court will not address that portion of the medical evidence.

## CONCLUSION

The Court realizes that this is the second remand concerning Plaintiff's application for benefits. While there is testimony from the VE that might support an award, the Court concludes that the record does not definitively establish an entitlement to benefits. Faucher v. Sec. of Health & Human Serv., 17 F.3d 171, 176 (6th Cir. 1994). The Court therefore remands this matter to the Commissioner for further proceedings pursuant to sentence

four of 42 U.S.C. §405(g).  Upon remand, the ALJ shall formulate for a qualified vocational expert a proper hypothetical question that fully accounts for all of Plaintiff's accepted RFC limitations, including the moderate limitations in concentration, persistence and/or pace, and determine if there are available jobs in the region in which Plaintiff resides.  The ALJ shall also consider, given the age of the prior reports and the more recent medical evidence, if an additional evaluation of the Plaintiff and testimony from an appropriate medical expert would assist the Commissioner in determining Plaintiff's RFC.

SO ORDERED.

DATED: February 25, 2011        s/Sandra S. Beckwith
                                Sandra S. Beckwith
                                Senior United States District Judge