UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY BALL,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:09-cv-684
Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

    This matter is before the Court on plaintiff's motion for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 24), the Commissioner's response in opposition (Doc. 25), and plaintiff's reply memorandum in support of his application for EAJA fees. (Doc. 26).

    The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). Title 28 U.S.C. § 2412(a)(1) provides for an award of costs to the prevailing party.

    On September 7, 2010, a Report and Recommendation was issued recommending that plaintiff's case be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 18). On February 25, 2011, the District Court adopted the Report and Recommendation and issued a final appealable order. (Doc. 22). Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v.*

*Secretary of Health and Human Serv.*, 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Plaintiff's application for attorney fees was filed on April 25, 2011 and was therefore timely. (Doc. 24). This matter is now ripe for a decision on plaintiff's motion for fees.

>The EAJA provides:
>
>A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

**Prevailing Party**

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that at the time this action was filed, plaintiff's net worth was less than $2,000,000. Moreover, plaintiff became the "prevailing party" when he obtained a reversal and remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes

of EAJA).

**Substantial Justification**

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial evidence" standard is not the same as the "substantial justification" standard under EAJA. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n. 2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as

3

an inclusive whole, rather than as an atomized line-items."). It is the government's burden under EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court finds the Commissioner's position was not substantially justified. This is the second time this matter has been remanded to the ALJ for further proceedings relating to vocational evidence taken at Step 5 of the sequential evaluation process. The initial remand from this Court was based on the ALJ's failure to explain his rejection of the vocational expert's (VE) more specific testimony that incorporated the particular findings of Dr. Berg, the consultative examining psychologist. The Court remanded for further proceedings, instructing the ALJ to explain the reasons for rejecting the VE's testimony that was favorable to plaintiff. (Doc. 18 at 6; Doc. 22 at 3).

On remand, the ALJ once again failed in his duty to adequately explain his rejection of VE testimony favorable to plaintiff in contravention of this Court's remand order. The ALJ stated he gave significant weight to Dr. Berg's assessment, but then failed to incorporate all of the "moderate" limitations set forth in Dr. Berg's report in assessing plaintiff's RFC or propounding the controlling hypothetical question to the VE. Both the ALJ's RFC assessment and controlling hypothetical question to the VE failed to include Dr. Berg's limitations on plaintiff's ability to persist at work, concentrate on work tasks, or sustain work. (Doc. 18 at 8; Doc. 22 at 8). In particular, the ALJ failed to address plaintiff's ability to stay "on task" for a sufficient length of time during the work day–an ability that involves aspects of concentration as

4

well as the "pace" of workplace tasks. (Doc. 22 at 8). When specifically asked about the vocational implications of limitations in concentration and persistence causing occasional breaks or being off task 20% of the time, the VE testified that no jobs would be available. *Id.* The ALJ ultimately limited plaintiff to simple, routine, and repetitive tasks, this RFC failed to adequately account for plaintiff's restrictions on concentration and persistence. In reversing the ALJ's decision, this Court concluded that the ALJ failed "to adequately explain [his] rejection of the prior VE's testimony, as this Court's prior remand order required." (Doc. 22 at 9). In view of the ALJ's failure to comply with the Court's previous remand order, the undersigned cannot conclude that the Commissioner's position in this matter was substantially justified. *See Stewart v. Sullivan,* 810 F. Supp. 1102, 1106 (D. Hawaii 1993) (failure of ALJ to follow court's instructions on remand supports a finding that agency's decisions were not substantially justified) (citing *Phillips v. Heckler,* 574 F. Supp. 870 (W.D.N.Y. 1983); *Perez v. Secretary of U.S. Dept. of Health & Human Serv.,* 675 F. Supp. 93 (E.D.N.Y. 1987). *See also Tripoli Rocketry Assn., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives,* 698 F. Supp.2d 168 (D.D.C. 2010) (government's position was not substantially justified where agency failed to follow court's instructions upon remand). The government has not met its burden of proving substantial justification for its position in this case. The Court, therefore, finds that the Commissioner's position in this matter was not substantially justified.

**Special Circumstances**

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is

entitled.

### Calculation of Fee Award

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees and expenses in the amount of $2,990.00 consisting of attorney fees of $2,640.00 and costs and expenses of $350.00. Plaintiff requests an hourly attorney fee of $165.00, representing the $125.00 hourly rate set by the EAJA statute adjusted for inflation based on cost of living increases since enactment of the EAJA. (Doc. 24 at 5).

Plaintiff has failed to justify an increase in the hourly rate. In *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009), the Sixth Circuit clarified a plaintiff's burden of proof in seeking an increase to the EAJA statutory hourly rate:

> In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). *Plaintiffs must "produce satisfactory evidence- in addition to the attorney's own affidavits- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id.* at 895 n. 11.

578 F.3d at 450 (emphasis added). Counsel for the plaintiff in *Bryant* submitted the Department of Labor's Consumer Price Index to support his request for an increase in the statutory hourly

6

rate based on inflation. In addition, counsel argued that evidence submitted in previous petitions for fees under the EAJA supported his request for an increase in the hourly rate. The Sixth Circuit found this evidence to be insufficient to justify an increase in the hourly rate and affirmed the District Court's refusal to award fees above the EAJA's $125 statutory cap:

> Here, Plaintiffs failed to meet their burden of proof, and the district court, in each case, appropriately noted the lack of proffered evidence. In fact, in both cases, Plaintiffs submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees. This is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests.

*Id.*

This Court recognizes that in the present case the Commissioner has not objected to the hourly rate requested by counsel for plaintiff. Nor does the requested hourly rate appear unreasonable. Nevertheless, the *Bryant* decision makes clear that plaintiff must do more than submit his attorney's affidavit to justify an increase in the statutory EAJA rate. Plaintiff must produce evidence that the hourly rate requested is in keeping with the prevailing rate in the community "for services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant,* 578 F.3d at 450. A mere passing reference to increased fees awarded in prior cases, or argument that an increase should be based on increased cost of living, is insufficient to warrant an increase beyond the statutory maximum attorney fee rate. *Id.*

In this case, counsel for plaintiff has not proffered any evidence to support an increased hourly rate. Counsel has not submitted any evidence of his own customary hourly rate or the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation. In addition, counsel has not submitted any evidence on the requested cost-of-living increase. Therefore, the Court is constrained to limit the hourly fee to the statutory

rate of $125.00.

The Court next turns to a discussion of the applicable hours plaintiff's counsel worked relative to the sentence four remand, *i.e.*, the hours to which the $125.00 hourly rate shall be applied. Counsel submits that 16.00 hours of attorney time was spent on this case before the District Court. The Commissioner objects to counsel's request for one-half hour of time devoted to preparing and filing two motions for extension of time, arguing that an inability to meet filing deadlines is not reasonably necessary and reimbursement for such time is not appropriate. (Doc. 25 at 5). The Court takes judicial notice that both plaintiffs and the Commissioner routinely request extensions of time in Social Security matters in light of their heavy caseloads and other commitments, and that such extensions are routinely granted. The Court also notes that in this case, the Commissioner likewise requested an extension of time to file his response to plaintiff's Statement of Errors. (Doc. 14). Counsel's request for one-half hour in attorney fees related to two brief extensions of time is not excessive and is reasonable under the circumstances. The Court declines to reduce counsel's requested hours on this basis. The Court has reviewed the remaining number of hours submitted by counsel and finds such hours reasonable and relevant to the prosecution of this matter. Compensation for the 16.00 hours at the $125.00 hourly rate yields an attorney fee of $2,000.00. Accordingly, the Court finds such a fee is reasonable and should be awarded under EAJA.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED,** and that plaintiff be **AWARDED** $2,000.00 in attorney fees and $350.00 in costs and expenses for a total award of $2,350.00.[1]

Date: 9/21/2011

Karen L. Litkovitz
United States Magistrate Judge

---

[1] The Court notes that the Supreme Court has clarified that any fees awarded to a prevailing party under the EAJA belong to the litigant, not the litigant's attorney. *See Astrue v. Ratliff,* __ U.S. __, 130 S.Ct. 2521, 2524 (2010). Those fees are therefore subject to an offset to satisfy any pre-existing debt the litigant may owe to the United States. *Id.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY BALL,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:09-cv-684
Beckwith, J.
Litkovitz, M.J.

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).