# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JERRY BALL,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:09-cv-684
Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 31) and the Commissioner's response in opposition. (Doc. 32). Plaintiff seeks an award of attorney fees in the amount of $11,538.61 for work done before this Court as provided for under the Act.

Pursuant to 42 U.S.C.§ 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). See *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart,* 535 U.S. 789, 792 (2002).

In the instant case, the District Judge adopted the Report and Recommendation of the Magistrate Judge reversing the decision of the Commissioner and remanding this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 18, 22). Plaintiff subsequently filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), seeking a fee for work which his attorney Eric Allen,[1] who represented him before this Court on the appeal of the denial of benefits, performed in the District Court. (Doc. 24). In October 2011, the District Judge awarded attorney fees to plaintiff in the amount of $2,000.00 under EAJA. (Doc. 28). Following a February 2012 remand hearing, plaintiff was found disabled as of July 2005. (Doc. 31, Ex. 1). Acting pursuant to §406(b)(1)(A), the Commissioner withheld twenty-five percent of past due benefits on the account of plaintiff - or $23,219.00 - as a potential contingency fee to be awarded to plaintiff's counsel. (Doc. 25, Ex. 1 at 4, Ex. 2). According to plaintiff, counsel has received $11,680.39 in attorney's fees from withheld back-benefits and fees awarded under the Equal Access to Justice Act. (Doc. 31 at 25; see also Doc. 28).

Plaintiff now requests $11,538.00 in attorney's fees under § 406(b) for work performed before the Court. Plaintiff has submitted a copy of the fee agreement he entered into with attorney Allen under which he agreed to pay attorney Allen a contingency fee of 25 percent of past-due benefits. (Doc. 31, Ex. 2). To calculate the fee under the agreement, plaintiff has taken the 25 percent past-due benefit amount withheld by the Social Security Administration - $23,219.00 - and subtracted the $11,680.39 in fees already paid to counsel. Plaintiff requests the balance of the 25 percent - $11,538.00 - as attorney Allen's fee under § 406(b).

---

[1] The instant motion was filed by Henry Acciani of the law firm O'Connor, Acciani & Levy Co. LPA on behalf of attorney Allen. Mr. Acciani represents that attorney Allen is no longer an employee of the law firm but that attorney Allen performed all relevant work in this matter while an employee of O'Connor, Acciani & Levy. (Doc. 31 at 2).

2

In determining the reasonableness of fees under § 406(b), the starting point is the contingent fee agreement between the claimant and counsel. *Gisbrecht,* 535 U.S. at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Id.* The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney is responsible for delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) (en banc). The Court should also consider whether a downward adjustment is appropriate because counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez,* 865 F.2d at 746. Also relevant to the reasonableness issue are the hours expended by counsel before the District Court and the lawyer's normal hourly billing charge for noncontingent fee cases. *Gisbrecht,* 535 U.S. at 808.

Here, the fee of $11,538.00 requested by plaintiff, when added to the $11,680.39 fee already paid to counsel, falls within the 25 percent boundary. The question then becomes whether the requested fee is reasonable. In support of the § 406(b) fee request, plaintiff submits that his counsel expended a total of 16 hours of attorney time on this case before the District Court. (Doc. 31 at 6). This number of hours was deemed reasonable by the Court when it awarded plaintiff attorney's fees under EAJA. (Doc. 28). Plaintiff contends that the requested fee is reasonable given attorney Allen's background and experience as set forth in the instant motion. (Doc. 31 at 3-4). Specifically, the motion provides that attorney Allen was admitted into the practice of law in the State of Ohio 25 years ago; he worked as a law clerk researching

and drafting Social Security briefs; and he has represented claimants seeking social security benefits at the administrative level and before the federal district court. *Id.*

Dividing the requested fee of $11,538.00 by the 16 hours counsel worked on this case produces a hypothetical fee of $721.13 per hour. In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. As the Sixth Circuit explained:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez's* windfall rule for "minimal effort expended," the reasonableness of the fee.

*Hayes*, 923 F.2d at 422.

The *Hayes* "floor" in this case for Attorney Allen is $6400.00 representing 16 hours times an hourly rate of $200.00[2] multiplied by 2. Mr. Allen's requested hourly rate is nearly four times that of an attorney with counsel's experience and skill. Since the calculated hourly rate is above the *Hayes* floor, the Court may consider arguments designed to rebut the presumed

---

[2] Plaintiff's counsel asserts that the hourly rate for an attorney with his experience in the downtown Cincinnati area is "over $200.00 per hour," but counsel does not provide his specific hourly rate for non-contingency fee cases. (Doc. 31 at 4). Because the Commissioner does not contest the reasonableness of this rate, the Court will adopt the hourly rate of $200.00 for purposes of the *Hayes* analysis.

4

reasonableness of the attorney's fee. *Hayes*, 923 F.2d at 422. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. *Id.*

The Court in *Gisbrecht* specifically instructed that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez*, 865 F.2d at 747). As discussed in *Rodriquez*, the Sixth Circuit has particularly abhorred awards that amount to "windfalls for lawyers" in Social Security cases. The court has criticized such awards in cases that involve no significant issues of material fact, no legal research, and "boilerplate pleadings" that reflect more word-processing than legal skills. *Id.* Where a calculated hourly rate is far in excess of the standard rate, as it is in this case, it is appropriate for a court to consider, at the very least, "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Hayes*, 923 F.2d at 422.

Here, counsel does not assert that the issues presented in plaintiff's disability claim were novel or complex. The undersigned notes that plaintiff's 11-page Statement of Errors is relatively brief, devoting approximately one page to each of the three asserted errors. *See* Doc. 12. Plaintiff's justification for the enhanced fee award appears to be solely based on the contention that plaintiff's counsel achieved an excellent result as evidenced by plaintiff's award of benefits since 2005.[3]

Upon careful review, the undersigned finds that plaintiff's counsel has not met his burden of showing the reasonableness of the fees requested. *See* 42 U.S.C. § 406(b); *Gisbrecht*, 535 U.S. at 807. The requested fee is excessive on the facts presented. Notably, the arguments made

---

[3] In October 2012, plaintiff received notice that he was entitled to benefits beginning in January 2006, which included back pay in the amount of $92,876.00 (of which $23,219.00 was withheld for a potential attorney's

5

by plaintiff in support of his fee petition are vague and conclusory and fail to address what legal work was necessary to achieve the "excellent result" for plaintiff. There is no indication that plaintiff's counsel put significantly more hours of work into preparing the necessary briefing for this Court than in his other cases.[4] Indeed, according to the included time record, plaintiff's counsel spent 10 hours drafting plaintiff's Statement of Errors and 16 hours total on plaintiff's suit. (Doc. 31 at 6).

The Court recognizes that "[i]n assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast." *Hayes*, 923 F.2d at 422; *see also In re Horenstein*, 810 F.2d 73, 75 (6th Cir. 1986). Thus, the undersigned finds that some increase is warranted to reflect the parties' contingency fee contract, but that the claimed fee of $11,538.00 for 16 hours resulting in a hypothetical fee of $721.13 per hour would amount to a windfall. The legal work performed in this court - while not entirely "boilerplate" - was relatively straightforward. The 11-page "Statement of Errors" required the expenditure of 10 hours. The errors asserted were routine, including the ALJ's failure to properly formulate plaintiff's mental residual functional capacity and failure to properly consider evidence that plaintiff was limited to sedentary work. (Doc. 12).
None of the stated errors required extensive legal analysis. An award of twice the prevailing rate of downtown Cincinnati attorneys, approximately $200 according to plaintiff's motion, would achieve the dual purpose of avoiding a windfall, while providing counsel with some benefit of

---

fee). (Doc. 31, Ex. 1 at 4).

[4] A review of counsel's other cases in which he sought attorney fees in Social Security appeals fails to indicate the time spent briefing this case was significantly greater than most cases. *See, e.g., Jones v. Comm'r of Soc. Sec.*, No. 1:05-cv-789 (S.D. Ohio) (Doc. 21) (9 hours on Statement of Errors); *Rechel v. Comm'r of Soc. Sec.*, No. 1:06-cv-690 (S.D. Ohio) (Doc. 21) (8 hours); *Tharp v. Comm'r of Soc. Sec.*, No. 1:08-cv-542 (S.D. Ohio) (Doc. 20) (12 hours).

his original contingency fee contract. Notably, the Commissioner agrees that an award doubling the rate of $200 per hour is reasonable. Accordingly, counsel should be awarded $6,400.00 in fees under § 406(b).[5]

The Court therefore **RECOMMENDS** that plaintiff's §406(b) motion for attorney fees by plaintiff's counsel be **GRANTED, in part**, and that counsel be **AWARDED $6,400.00** as his fee in this case.

Date: 4/15/13

Karen L. Litkovitz
United States Magistrate Judge

---

[5] This figure represents 16 hours times an hourly rate of $200.00 multiplied by 2. *See Hayes*, 923 F.2d at 422.

7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERRY BALL,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:09-cv-684
Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).